United States District Court
Southern District of Texas

**ENTERED**

May 15, 2026

Nathan Ochsner, Clerk

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### GALVESTON DIVISION

| | | |
|---|---|---|
| STEPHEN MEDEIROS, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:25-cv-00347 |
| | § | |
| JEWELERS MUTUAL INSURANCE | § | |
| COMPANY, SI, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Before me is Defendant's Motion to Dismiss the Amended Complaint and Incorporated Memorandum of Law. Dkt. 11. Having reviewed Plaintiff's First Amended Complaint, the motion, the response, and the applicable law, I recommend that Defendant's motion be denied.

## BACKGROUND[1]

This lawsuit concerns an insurance coverage claim arising out of a jewelry theft. Plaintiff Stephen Medeiros obtained a personal jewelry insurance policy from Defendant Jewelers Mutual Insurance Company, S.I. ("JMIC"), protecting his jewelry against loss, theft, and damage. On September 14, 2024, Medeiros discovered that his jewelry had been stolen. He notified the local police department and JMIC that same day of the theft. According to Medeiros, he followed up with JMIC on September 16, 2024, "by telephone and reported the facts of his loss in detail." Dkt. 9 at 4. JMIC sent him an email on September 16, 2024, acknowledging receipt of his theft claim.

On September 17, 2024, Medeiros received a letter from JMIC, "notifying him that JMIC had assigned an independent adjuster, Mr. Ridge Kirn of McLarens ('Kirn'), to adjust the Claim." *Id.* at 5. Medeiros contends that he and Kirn talked

---

[1] The factual allegations in this section are taken from the First Amended Complaint (Dkt. 9) and accepted as true for purposes of ruling on the motion to dismiss.

on October 4, 2024. During that conversation, Kirn acknowledged that he had acquired the police report concerning the theft on September 23, 2024, and requested that Medeiros "provide an updated police report, as well as documentation of the original purchase cost of some of the stolen items, and photos and/or security surveillance footage that provided evidence of the theft." *Id*. Medeiros says he provided such information to Kirn on October 24, 2024. Despite this exchange of information, Medeiros maintains that JMIC dragged its feet paying the claim. JMIC ultimately issued payment for Medeiros's stolen jewelry on July 19, 2025.

Medeiros brought this lawsuit in state court. After JMIC removed the case to federal court, Medeiros filed the First Amended Complaint. In that pleading, Medeiros brings two causes of action: (1) violations of Texas Insurance Code § 542.055; and (2) violations of Texas Insurance Code § 542.058. JMIC has moved to dismiss Medeiros's lawsuit for failure to state a claim under Rule 12(b)(6), arguing that Medeiros has pleaded nothing more than legal conclusions and recitations of statutory language.

## LEGAL STANDARD

A defendant may move to dismiss a complaint when a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). Conversely, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point

of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (cleaned up). In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted. *See Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

When evaluating a Rule 12(b)(6) motion, I accept "all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff." *Cummings v. Premier Rehab Keller, P.L.L.C.*, 948 F.3d 673, 675 (5th Cir. 2020) (quotation omitted). I "do not, however, accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement." *Benfield v. Magee*, 945 F.3d 333, 336–37 (5th Cir. 2019) (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

### A.    TEXAS INSURANCE CODE § 542.055

Medeiros's first cause of action is for a violation of Texas Insurance Code § 542.055.[2] To state a § 542.055 cause of action, Medeiros must allege that, within 15 days of receiving notice of an insurance claim, JMIC failed to (1) acknowledge

---

[2] This statutory provision provides:

> (a) Not later than the 15th day or, if the insurer is an eligible surplus lines insurer, the 30th business day after the date an insurer receives notice of a claim, the insurer shall:
>
> > (1) acknowledge receipt of the claim;
> >
> > (2) commence any investigation of the claim; and
> >
> > (3) request from the claimant all items, statements, and forms that the insurer reasonably believes, at that time, will be required from the claimant.
>
> (b) An insurer may make additional requests for information if during the investigation of the claim the additional requests are necessary.
>
> (c) If the acknowledgment of receipt of a claim is not made in writing, the insurer shall make a record of the date, manner, and content of the acknowledgment.

Tex. Ins. Code § 542.055.

3

receipt of the claim; (2) commence an investigation; or (3) request all information reasonably necessary to investigate the claim.[3] *See id.* at § 542.055(a)(1)–(3).

The First Amended Complaint is devoid of any allegations that JMIC failed to acknowledge receipt of the claim or commence an investigation. In fact, Medeiros concedes that JMIC timely acknowledged receipt of the claim and timely commenced an investigation. Specifically, Medeiros admits that JMIC sent him an email acknowledging receipt of his theft claim a mere two days after the theft occurred. *See* Dkt. 9 at 4. Medeiros also admits that JMIC began its investigation into the claim on September 17, 2024, just three days after the theft. *See id.*

Whether Medeiros's § 542.055 claim survives a motion to dismiss thus depends on whether he has plausibly alleged that JMIC failed, within 15 days of receiving the claim, to "request from [Medeiros] all items, statements, and forms that the insurer reasonably believes, at that time, will be required from" Medeiros. *See id.* at § 542.055(a)(3). This is a close call. Viewing the facts in the light most favorable to Medeiros, as I must at the pleading stage, Medeiros has, by the skin of his teeth, plausibly alleged a § 542.055 claim.

Medeiros claims that JMIC's adjuster did not request "documentation of the original purchase cost of some of the stolen items, and photos and/or security surveillance footage that provided evidence of the theft" until October 4, 2024, which was 20 days after Medeiros first notified JMIC of the claim. Dkt. 9 at 5. From these allegations, a reasonable inference can be drawn that JMIC should have requested this basic information concerning the theft within the 15-day statutory period. This is enough to nudge Medeiros's § 542.055 claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## B.    TEXAS INSURANCE CODE § 542.058

Medeiros also claims that JMIC violated § 542.058 of the Texas Insurance Code. Section 542.058 generally requires an insurer, "after receiving all items,

---

[3] The statute provides a 30-day deadline for an eligible surplus lines insurer, but there are no allegations that JMIC is an eligible surplus lines insurer.

statements, and forms reasonably requested and required under Section 542.055," to make payment of the claim within 60 days. Tex. Ins. Code § 542.058(a). JMIC complains that Medeiros has not pleaded when § 542.058's 60-day clock to pay the claim began.

Considering the allegations contained in the First Amended Complaint in the light most favorable to Medeiros, I am convinced that he has satisfied the pleading requirements for a § 542.058 claim. Medeiros alleges that JMIC had in its possession the original police report concerning the theft on September 23, 2024. Medeiros also asserts that he provided, at the request of JMIC's adjuster, an updated police report, documentation on the original purchase price of some of the stolen items, and a security surveillance video of the theft on October 24, 2024. Based on these allegations, Medeiros pleads sufficient facts to support a plausible claim that JMIC received "all items, statements, and forms reasonably requested and required under Section 542.055" by October 24, 2024. *Id.* That is the date the 60-day clock started, at least according to the First Amended Complaint. Because JMIC did not pay the claim until July 19, 2025, more than eight months after the 60-day deadline allegedly expired, Medeiros has stated a § 542.058 claim.

## CONCLUSION

Because the facts alleged in the First Amended Complaint are sufficient to support plausible claims for violations of § 542.055 and § 542.058, I recommend that JMIC's motion to dismiss (Dkt. 11) be denied.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this _15th_ day of May 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE